Douglas M. MARCINIAK and Paula J. Marciniak,
Plaintiffs-Respondents.†

v.

Gary T. LUNDBORG, M.D., Erick Y. Hakanson,
M.D., Ramsey Clinic Associates, P.A., Apple
River Valley Memorial Hospital, Inc., and
Wisconsin Patients Compensation Fund,
Defendants-Appellants.

Court of Appeals

*No. 88–0088. Submitted on briefs August 9, 1988.—Decided
November 15, 1988.*

(Also reported in 433 N.W.2d 617.)

† Petition to review granted.

556

For appellants there were briefs by *Thomas J. Niemiec* and *Lommen, Nelson, Cole & Stageberg, P.A.,* Hudson.

For respondents there was a brief by *Ardell W. Skow* and *Lila M. Hambleton* and *Doar, Drill & Skow, S.C.,* Baldwin.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. The defendants appeal a decision holding that the parents of a child have a cause of action against the physician, hospital, and clinic based upon negligent sterilization thus allowing recovery for child rearing costs less any benefit from the aid, comfort, and society that the child's presence provides.[1] We conclude that recovery is barred by the holding in *Rieck v. Medical Prot. Co.,* 64 Wis. 2d 514, 219 N.W.2d 242 (1974).[2]

The Riecks sought similar damages on grounds of a negligent failure to timely diagnose Mrs. Rieck's pregnancy, thereby precluding an abortion. Justice Robert Hansen writing for a unanimous court, after noting that negligence plus an unbroken sequence of

---

[1] This court granted leave to appeal the nonfinal order on February 8, 1988.

[2] As defendants concede in their brief, this decision does not preclude the pursuit of other traditional damages that flow from the alleged act of negligence; the trial court order appealed from deals only with recovery of child rearing costs.

events establishing cause in fact does not necessarily lead to a determination of liability, wrote:

> Recovery, or the determination to impose or not to impose liability, involves public policy considerations. Even where the chain of causation is complete and direct, recovery may sometimes be denied on grounds of public policy because: (1) The injury is too remote from the negligence; or (2) the injury is too wholly out of proportion to the culpability of the negligent tortfeasor; or (3) in retrospect it appears too highly extraordinary that the negligence should have brought about the harm; or (4) because allowance of recovery would place too unreasonable a burden (in the case before us, upon physicians and obstetricians); or (5) because allowance of recovery would be too likely to open the way for fraudulent claims; or (6) allowance of recovery would enter a field that has no sensible or just stopping point. *Any one of these public policy considerations could be sufficient to deny recoverability.*

*Id.* at 517–18, 219 N.W.2d at 244 (emphasis supplied) (footnotes omitted).

*Rieck* went on to bar the claim on grounds that the result would be out of proportion to the culpability, (2); allowance would open the way for fraudulent claims, (5); and it would enter a field with no sensible or just stopping point, (6). *Id.* at 517, 219 N.W.2d at 244.

The fact that Paula Marciniak sought and was the subject of surgery eliminates concern for fraudulant claims. In *Rieck,* the complaint alleged what the parents would have done if they had been informed of the fact of pregnancy. The supreme court noted that

the temptation would be great, if not to invent an intent to prevent pregnancy, at least to fraudulently deny any change of mind or attitude about wanting to terminate the pregnancy. In contrast, in this case, Paula was the subject of sterilization surgery. Her intent was objectively and decisively established, and under these circumstances fraudulent claims are eliminated.

We, however, see no factual distinction that would eliminate the expressed concerns in *Rieck* for factors (2) and (6). It is anomalous to exonerate a physician who negligently diagnoses pregnancy thus preventing an abortion, while holding another physician liable for failing to prevent a pregnancy through sterilization. If the culpability of the former is out of proportion to the injury and has no sensible stopping point, then the same is true for the latter.

*By the Court.*—Order reversed.